# JOHN MENIFEE

*v.*

# WILLIAM S. HIGGINS.

1. EVIDENCE—*suppositions.* Where a witness in his deposition testifies to mere conjectures and suppositions, it is error to admit such evidence to the jury when objected to by the opposite party.

2. ALLEGATIONS AND PROOFS. An averment in the declaration, that defendant agreed to pay plaintiff five per cent on the amount for which he should sell a mill of defendant, whatever it might amount to, is not sustained by evidence that defendant agreed to pay plaintiff five per cent, if he would sell the mill for five thousand dollars. In this there is a fatal variance between the contract declared upon and that proved.

3. COMMON COUNTS—*proof under.* Where a common count alleged an indebtedness of five hundred dollars for commissions on the sale of land and mill, such a count is not sustained by evidence of an exchange of the mill and land for other property. Had the special agreement been fully performed, and had nothing remained to be done but to pay the money due on the agreement, then a recovery might have been had under the common count, but plaintiff having failed to perform his part of the agreement, he can not recover.

WRIT OF ERROR to the Circuit Court of Mercer county ; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the facts of the case.

Mr. B. C. TALIAFERRO and Mr. B. F. BROCK, for plaintiff in error.

Messrs. PEPPER & WILSON, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action of assumpsit. The plaintiff below declared specially on a contract, and in *indebitatus* assumpsit. The special count alleged, that appellant agreed to pay appellee five per cent on the amount of the sale of a flouring mill and

appurtenances, and that appellee agreed to and did effect a sale of the property for five thousand dollars. A judgment was recovered by appellee, for two hundred and fifty dollars. The only construction to be given to the pleading is, that the agreement was to sell for cash.

Higgins testified substantially that Menifee agreed to give him five per cent if he would sell the property for $5,000; that he exchanged the mill property for property in Muscatine, Iowa, and seven hundred and fifty dollars, with one Whipple, to which Menifee assented, "if all was right;" that the property thus exchanged for the mill was valued at $5,000; and that Menifee afterwards took from Whipple property in Memphis, Tennessee, in place of the Muscatine property.

Menifee positively contradicted Higgins. He testified that the property was to be sold for greenbacks or cash; and that upon examination, the Muscatine property was encumbered by a mortgage, and the title otherwise defective; and that he did not agree to trade for it. He further stated, that he made the exchange of his mill property for property in Memphis, Tennessee; that Higgins was not present and had nothing whatever to do with it; and that he did not take the Memphis property in exchange for the Muscatine property.

Two witnesses, introduced by appellee, testified that the agreement was to sell the mill property for cash.

The purchaser of the mill property and his brother corroborated Menifee, and agreed in the statement, that no trade was effected for the Muscatine property, and that Higgins had nothing to do with the other transaction.

It further appears, from the evidence, that Higgins, in his visit to Iowa, was acting as much for himself as for his principal, and that he made inquiry about coal lands, and solicited one Swayne to join him in the purchase of the mill, and the formation of the company for mining coal.

The deposition of W. A. Ewing was read in behalf of appellee, under objection, and, no doubt, strengthened his case with the jury. In answer to the inquiry, whether Menifee

acquiesced in the exchange of his property for the Muscatine property, he replied: "I do not know, but from his conversation, I suppose he did." This witness detailed suppositions instead of facts. It was manifest error to permit this part of his deposition to be read.

There is, and can be, no pretense that the proof maintains the special count. The declaration alleges an agreement to pay five per cent on the amount of the sale, whatever it might be. The testimony of Higgins was, that he was to receive five per cent if he sold for five thousand dollars. The variance is too palpable to require comment.

Does the proof sustain the other count? It alleges an indebtedness "of five hundred dollars for commissions on the sale of land and mill." The agreement, as admitted by both parties, was, that a sale was to be made, not an exchange, to entitle appellee to the commission of five per cent. A party might be willing, and even anxious, to compensate liberally, upon a sale for cash, when he would pay nothing for a mere exchange of property.

It is a familiar principle, that when a contract had been fully performed, and nothing remains to be done, but the making compensation in money, such compensation may be recovered on the common counts. They are founded upon express or implied promises. The promise to pay depends on the performance. In this case, appellee has not fulfilled his agreement. He has not performed the special terms of the bargain, and is not entitled to the commission.

Judgment reversed and cause remanded.

*Judgment reversed.*